|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

CLINTON BURNS, III, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:11-CV-494
§
JOHN B. FOX, §
§
    Defendant. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff Clinton Burns, III, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this lawsuit against John B. Fox.

    The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the defendant's motion for summary judgment be granted.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

    After careful consideration, the court concludes the plaintiff's objections are without merit. Plaintiff did not comply with the established procedural requirements through all steps of the administrative remedy process. Accordingly, the defendant's motion for summary judgment should be granted based on plaintiff's failure to exhaust administrative remedies prior to filing this action. Alternatively, for the reasons stated below, the defendant's motion to dismiss should also be granted. Plaintiff's complaint fails to state a claim upon which relief may be granted and the defendant is entitled to qualified immunity.

The prison policy in question, which restricts an inmate's possession of Uniform Commercial Code ("UCC") materials, does not violate plaintiff's First Amendment right to possess legal materials as established in *Turner v. Safley*, 482 U.S. 78, 89 (1987). The regulation was intended to address the practice of inmates filing fraudulent liens against public officials. Courts have uniformly declared such commercial liens brought by inmates against prosecutors, judges, correctional officers and other government employees as null and void. *See Monroe v. Beard*, 536 F.3d 198, 202 n. 2 (3rd Cir. 2008). Additionally, prison administrators are "entitled to regulate and prevent criminal activity within the [prison]." *Id*. at 207-08. The policy in this case is reasonably related to the Bureau of Prisons' interest in protecting government officials from fraudulent UCC liens filed by prisoners.

The Fifth Circuit had not addressed the confiscation or seizure of UCC materials by prison officials at the time of the claims which form the basis of this complaint. However, the court subsequently affirmed the dismissal of a state prisoner's First Amendment claim concerning the confiscation of UCC-1 filings. *See Williams v. Stephens*, 547 F. App'x 599 (5th Cir. 2013). The court stated that, in light of the deference afforded to the determinations of prison officials, the plaintiff had failed to show the seizure of documents that could be used in fraudulent schemes was not rationally related to a legitimate penological interest. *Id*. at 2 (citing *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *Turner*, 482 U.S. at 89). The claims in this action are analogous to the claims in *Williams* and, after considering the factors set forth in *Turner*, the Court finds the policy does not violate plaintiff's First Amendment rights. Accordingly, plaintiff's claims fail to state a claim upon which relief may be granted.

Further, the defendant is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

At the time of the incident of which plaintiff complains, the Third Circuit had held a similar policy to be not unconstitutionally unreasonable under *Turner v. Safley*. *See Monroe*, 536 F.3d at 208-09. However, when reviewing the denial of a prisoner's motion for preliminary injunction, the Sixth Circuit had determined a prison policy prohibiting receipt of mail involving certain UCC materials was unlikely to withstand scrutiny under the *Turner v. Safley* standards. Because there was a split among the Circuits which had addressed the particular right at issue in this case and the Fifth Circuit had not addressed the issue at the time of the claims which form the basis of this lawsuit, plaintiff's right to possess UCC materials was not clearly established at the time of the incident. Accordingly, the defendant is entitled to qualified immunity.

Additionally, plaintiff has failed to state a claim upon which relief may be granted regarding his alleged retaliatory transfer. Plaintiff alleges staff increased his custody level without authorization or justification, and continued to house him in the Special Housing Unit even though disciplinary segregation had not been imposed as a disciplinary sanction. However, the Fifth Circuit has made clear that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (quoting *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996)); *Dixon v. Hastings*, 117 F. App'x 371 (5th Cir. 2005) (finding federal prisoner's confinement in administrative segregation was not atypical punishment requiring due process protections). It is well settled in the Fifth Circuit that an inmate has no protected interest in any particular security classification, once incarcerated. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir.), *cert. denied*, 124 S.Ct. 432 (2003); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998). The classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Therefore, absent an abuse of discretion, a federal court will not interfere with administrative determinations regarding custodial classification of an inmate. *Whitley*, 158 F.3d at 889.

Moreover, the Constitution does not mandate comfortable prisons but neither does it permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." *Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995). A constitutional violation, however, occurs only when two requirements are met. First, there is an objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991)). Second, under a subjective standard, the court must determine whether the prison official responsible acted with deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see e.g.*, *Harris*, 31 F.3d at 334-36.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Plaintiff's allegations fail to show the conditions of his confinement in the SHU violated the constitution or that the defendant was deliberately indifferent to the conditions. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and the defendant is entitled to qualified immunity.

## O R D E R

Accordingly, the plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. Further, for the reasons set forth above, the defendant's motion to dismiss should

also be granted. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 28th day of February, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE